# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAVON DAWSON, | ) |
| | ) |
|     **Claimant,** | ) |
| | ) |
| vs. | )    Case No. 2:17-cv-948-CLS |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) ) ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Lavon Dawson, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ should have found her to be limited to sedentary work instead of light work, and that the ALJ improperly evaluated her subjective complaints of pain. Upon review of the record, the court concludes that claimant's contentions lack merit, and the Commissioner's ruling is due to be affirmed.

The ALJ found that, despite suffering from the severe impairments of chronic obstructive pulmonary disease, monocular vision, lupus, osteoarthritis, degenerative lumbar disc disease, and question of congestive heart failure, claimant retained the residual functional capacity to perform light work, with the following additional limitations:

> She cannot perform commercial driving or perform around work hazards; concentrated exposure to extreme hot or cold temperatures; or in environments containing fumes, odors, dust, gases, poor ventilation, etc. She cannot perform repetitive bending at the waist. She should be able to change from a seated to an upright (standing or walking) posture as frequently as every 30 minutes and should be able to perform work in either posture. She is limited to jobs that can be performed with monocular vision.

Tr. 23. Claimant asserts that finding was not supported by substantial evidence, and that the ALJ should instead have found her capable of performing only sedentary work.

Social Security regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time

and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §416.967(a). Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

The distinction between light work and sedentary work is important here because claimant, whose birthdate is June 6, 1964, was forty-nine years old when she filed her application for benefits on March 18, 2014, but turned fifty years old shortly thereafter. At age fifty, claimant became classified as an individual "closely approaching advanced age" for purposes of the Social Security Administration's Medical-Vocational Guidelines ("Grids"). Medical-Vocational Rule 201.12 mandates a finding of "disabled" for an individual closely approaching advanced age who, like claimant, has at least a high school education that does not provide for direct entry into skilled work, has a past history of unskilled work, and is limited to *sedentary*

3

work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.12. Medical-Vocational Rule 202.13, on the other hand, mandates a finding of "not disabled" for an individual closely approaching advanced age who, like claimant, has at least a high school education and a history of unskilled work, and who is limited to *light* work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.13. Stated differently, if claimant is limited to sedentary work, she is disabled under the Grids. If she is only limited to light work, she is not necessarily disabled, and vocational expert testimony must be used to determine her ability to perform jobs that exist in significant numbers in the national economy.[1]

Claimant asserts that she cannot perform the lifting requirements of light work because of her hearing testimony that her dominant right wrist has eight screws and a plate, that she wears a prescribed splint on her right hand, that she sometimes drops things she picks up with her right hand, and that lifting things with her right hand is

---

[1] To the extent claimant argues that the ALJ incorrectly failed to apply the Grids after determining that she was capable of performing less than a full range of light work, that argument is not persuasive. *See* doc. no. 11 (Claimant's Brief), at 12 ("The ALJ's decision also does not indicate that she [*sic*] has even considered the effect of the claimant's age and education on her ability to learn and perform a sedentary job. . . . The plaintiff does not have to show her pain precludes her from performing light *and* sedentary work. She is only required to show that her pain precludes her from performing light work to win her case. By erroneously suggesting that the claimant's ability to perform light or sedentary jobs is 'all the same,' the ALJ may have also erred by treating the pain standard as being 'all the same' for light and sedentary jobs as well.") (ellipsis supplied, all emphasis in original). When a claimant is incapable of performing a full range of work at a particular exertional level as a result of non-exertional impairments, vocational testimony is necessary to determine the claimant's ability to perform gainful work activity. *See Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004); 20 C.F.R. § 416.969a(d).

painful.² She also asserts that she cannot perform the other exertional requirements of light work because she limps and drags her right leg; spends a good deal of time resting in bed; experiences joint swelling, shortness of breath, and right leg and back pain; and, can stand in one place only ten or fifteen minutes.³ The ALJ considered claimant's testimony regarding her subjective complaints. He found that claimant's medically determinable impairments could reasonably be expected to cause some symptoms and functional limitations, but he nonetheless concluded that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not supported by the objective medical evidence, treatment regimen, and response to treatment, and her daily activities," except as set forth in the residual functional capacity finding.⁴

The ALJ's finding is in accordance with applicable law. To demonstrate that pain renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting

---

² Doc. no. 11 (Claimant's Brief), at 10.
³ *Id.*
⁴ Tr. 24.

5

*Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The court also concludes that the ALJ adequately articulated his reasons for rejecting claimant's subjective complaints, and the ALJ's findings were supported by substantial evidence. The ALJ noted that claimant's left eye vision was within normal limits,[5] her lupus was well controlled with treatment, her medical records did not contain evidence of any functional limitations from COPD or congestive heart failure, and her musculoskeletal examinations revealed normal motor functioning despite the presence of some degenerative disc disease.[6] The ALJ also noted that claimant continued to smoke cigarettes despite her complaints of pulmonary and cardiovascular impairments, that her treatment history had been sporadic and conservative, and that her daily activities — including maintaining personal care,

---

[5] It should be remembered that the ALJ accounted for claimant's monocular vision in his residual functional capacity finding. *See* Tr. 23.

[6] Tr. 24-25.

caring for the household pet, preparing daily meals, and performing some household chores — were not as limited as should be expected from a person with the level of impairments alleged by claimant.[7]

Claimant makes only two arguments that the evidence supports a finding contrary to the ALJ's: *i.e.,* that x-rays of her lumbar spine in July of 2014 showed degenerative disc disease at the L5 level, and that x-rays of her wrist documented the surgical fixation of a previous fracture.[8] The ALJ acknowledged those x-ray results, but rightly focused on whether the disc disease resulted in any functional limitations like impaired gait, and whether claimant continued to seek treatment for those conditions.[9] After all, it is not the mere existence of a medical condition like degenerative disc disease or a fractured wrist that determines disability. Instead, the relevant consideration is the effect of claimant's impairment, or combination of impairments, on her ability to perform substantial gainful work activities. *See* 20 C.F.R. § 416.905(a) (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen*

---

[7] Tr. 26.
[8] Tr. 386, 388.
[9] *See* Tr. 25.

*v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)). Here, the record does not support any *functional limitations* greater than those imposed by the ALJ.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 14th day of February, 2018.

_____
United States District Judge